### FLETCHER v. TERRELL ET AL.

1. **Practice in the Supreme Court**: EQUITABLE ISSUES. Under the Code a case involving equitable issues only, upon the trial of which no motion or order was made for a trial upon written evidence, cannot be determined upon its merits on appeal.

2. ———: AMENDMENT. It is the general rule of practice in the Supreme Court that an amendment to an abstract filed after the case has been submitted will not be considered.

*Appeal from Van Buren District Court.*

FRIDAY, DECEMBER 13.

THE parties to this action all claim liens upon the Keosauqua North & South Railroad. The said road was originally intended to be of standard gauge. N. C. Terrell & Co., a partnership composed of N. C. Terrell and C. H. Fletcher, contracted with the railroad company to build the road.

After doing some grading and purchasing some ties, etc., the work was suspended for want of means to prosecute the same. Afterward the contemplated road was changed to a narrow-gauge, and a new contract was made with C. H. Fletcher, under the name of C. H. Fletcher & Co., by which he was to resume the work and complete a certain part of said road. In pursuance of this contract said C. H. Fletcher & Co. purchased of appellants certain locomotives, cars, iron rails, spikes, etc., to be used in completing and operating said railroad. At the time of purchasing said property C. H. Fletcher & Co. executed to appellants certain chattel mortgages thereon to secure part of the purchase money.

The original petition in this case was filed by Fletcher against Terrell to enjoin him from removing certain ties, iron and other material from the line of the road. Terrell filed an answer and cross-bill setting up a mechanic's lien for the amount due Terrell & Co. Other parties also appeared and set up mechanics' liens for work and labor in engineering, and for other labor and material furnished to the contractors for the building of the road. The railroad company being insolvent, and wholly unable to pay any of said claims, the whole contest turned upon the validity of the claims of the respective lien holders and their rights of priority.

The cause was tried by the court. The liens were established and their priority settled. The claims of the parties holding chattel mortgages upon the rolling stock, iron rails, ties, spikes, etc., were found to be inferior to the mechanics' liens. The holders of the chattel mortgages appeal.

*Gillmore & Anderson, Joseph G. Anderson* and *H. Scott Howell*, for appellants.

*Lee & Beaman, Trimble & Baldwin, D. P. Stubbs, Work & Brown, William Moore* and *B. Jones*, for appellees.

ROTHROCK, CH. J.—The foregoing is a very general state-

Fletcher v. Terrell.

ment of the issues involved in the action.  The facts of the case, as presented in the abstract of the pleadings, are exceedingly complicated.  There are questions as to the release of liens by certain parties, and as to the admission of evidence to establish liens, and numerous other questions, which, in our opinion, are not necessary to be set out, for the reason that after mature consideration we have arrived at the conclusion that we are not authorized by the record before us to determine this cause upon its merits. The issues tried in the court below were of an equitable character.  No motion or order was made for a trial upon written evidence, as provided by section 2742 of the Code.  The court made no special findings of fact.  Errors are assigned as in appeals in law actions.  The abstract does not purport to contain all the evidence.

1. PRACTICE in the supreme court : equitable issues.

The real point involved in the appeal, and that which appellants' counsel most ably and elaborately argue, is whether the chattel mortgages upon the rolling stock, iron, rails, etc., are superior to the mechanics' liens.  This involves an interesting, and, in this State, a new question; that is, whether the rolling stock of a railroad company and the iron rails in the track are chattel property, so that a chattel mortgage for the purchase money thereof is superior to a mechanic's lien for construction.  Upon the first reading of the abstract and arguments of counsel we thought we might determine that question notwithstanding the objection of appellees' counsel that the abstract does not contain all the evidence.  But upon further examination we find that the question of the validity of the mortgages was expressly put in issue by an averment of the appellees that a new contract was made by which the lien of the mortgages was superseded or released.

Now what evidence there may have been upon this issue we are unable to determine.  The same remark may be made as to the objections to the introduction of evidence.  The decree being merely the conclusion of the court as to the

priority of the liens and the amount thereof, we have no means of determining upon what evidence the decree was found, nor whether the rulings complained of were prejudicial to appellants.

. We regret this disposition of the case; but, as appellees insist thereon, no other course seems open to us.

AFFIRMED.

. This case was submitted the 5th day of June, 1878. On the 31st day of August, 1878, the appellants served upon the appellees an amendment to their abstract, in which they say that the original abstract is an abstract of all the evidence in the case. This amendment has been filed, and we are asked to consider it. Before the amendment was filed the foregoing opinion had been written. In view of the magnitude of the case, and the importance of the questions involved, we have withheld the opinion for the purpose of determining whether we should be justified in departing from our rules and practice so far as to consider the amendment, and we have finally concluded that we should not. We think it is the right of the appellees to have the case determined upon the papers upon which the appellants submitted it. Under some circumstances, doubtless, a submission may be set aside. The case would then be open for such changes in the record as could properly be made; but we cannot consider a case open for changes while it remains submitted. If so, we might be required to write as many opinions as there should be changes made.

The appellants in this case have less reason to complain because the appellees, in their argument filed May 27, 1878, insisted that the abstract was deficient in not purporting to contain all the evidence. After the appellants' attention was called to the defect, and before the case was submitted, they had time to supply the defect. If they had done so the appellees would then have had the right to file such amendment as they might desire, and it would have been their right

to have the submission postponed for such reasonable time as should be necessary, to the end that when the case should be submitted it might present the questions, and only the questions, which we are called upon to determine.

AFFIRMED.